AO 91 (Rev. 11/11) Criminal Complaint

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*January 27, 2021*
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br>Jairon Odair Pineda-Gomez<br><br>*Defendant(s)* | Case No. **4:21mj0188** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __01/26/2021__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | a native and citizen of Honduras, and an alien who had been previously deported from the United States, was found unlawfully in the Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557. |

This criminal complaint is based on these facts:

See attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Casey P. Lewis, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: __01/27/2021__

*Judge's signature*

City and state: __Houston, Texas__    United States Magistrate Judge Frances H. Stacy
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Casey P. Lewis, being duly sworn telephonically, hereby depose and say:

(1)   I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since March 15, 2009. My law enforcement career began December 2, 1996, as a Border Patrol Agent with United States Customs and Border Protection. I held this position until transferring to Immigration and Customs Enforcement as a Deportation Officer. I currently have over 23 years of immigration law enforcement experience.

(2)   On January 26, 2021, at 6:56 a.m., Jairon Odair Pineda-Gomez ("Defendant") was detained by ICE. The Defendant is also known as or has used the alias Jairon Odair Pineda and Jairon Pineda.

(3)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a).

(5)   Element One: The Defendant is a citizen and national of Honduras and not a native, citizen or national of the United States.

(6)   Element Two: The Defendant has previously been deported or removed from the United States on the following occasions:
      a. March 6, 2018, via Houston, Texas
      b. December 6, 2019, via Harlingen, Texas

(7)   Element Three: After deportation, the Defendant was subsequently found in the United States on January 26, 2021, at Houston, Texas, which is within the Southern District of Texas. Specifically, the Defendant was found in Harris County, which is in within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On January 26, 2021, LESC advised me that it had no record of such an encounter.

(8) <u>Element Four</u>: The Defendant did not have permission to reenter the United States. On January 26, 2021, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(9) <u>Prior Criminal History</u>. The Defendant has the following prior criminal history:
   a. On November 15, 2019, Defendant was arrested for the offense of unlawfully entering the United States at a place other than as designated by immigration officers, in violation of 8 USC 1325(a)(1) in McAllen, Texas. For this misdemeanor offense, Defendant was sentenced to 15 days confinement.

(10) On January 27, 2021, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Stephanie Bauman (713) 837-8748 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a).

*Casey Lewis*

Casey P. Lewis, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Sworn to me telephonically on this 27th day of January 2021, and I find probable cause.

*Frances A. Stacy*

Honorable Frances H. Stacy
United States Magistrate Judge